## LUTHER GOODNOW *versus* NOAH SMITH *et al.*

In an action upon the joint and several promissory note of A. and S., brought against both promisors, A. was defaulted, and S. set up, as a defence, an agreement made between him and the plaintiff, before the note became due, by the terms of which the plaintiff exonerated and discharged S. from the payment of one half of the note, upon his then paying the other half and receiving of the plaintiff, at par, a note of a third person indorsed without recourse to the plaintiff. It was *held*, that the agreement was founded on a good and sufficient consideration; and that it was a good defence to the action so far as respected S. ; but that under *St.* 1834, *c.* 189, [Revised Stat. *c.* 100, § 7,] the plaintiff was entitled to judgment against A.

THIS was assumpsit on a joint and several promissory note, for the sum of $551, made by the defendants, Noah Smith and Josiah H. Adams, dated February 26th, 1827, and payable, one half in one year, and one half in two years, from April then next ensuing. Adams was defaulted. Smith pleaded the general issue.

At the trial, before *Shaw* C. J., the defence set up was, that in the autumn of 1827, before either of the instalments of the note became due, it was agreed between the plaintiff and Smith, that if Smith would then pay one half of the note and

take of the plaintiff, at par, a note for $ 21·14, which he held
against one Willis, the plaintiff would exonerate and discharge
Smith from the payment of the other half of this note ; and
that Smith, in pursuance of this agreement, then paid one half
of the principal of the note and the interest, which was indors-
ed thereon, and took Willis's note at par, indorsed by the
plaintiff without recourse.

The jury were instructed ; 1. That if such agreement was
made, as stated, the payment of one half of the note before
the first instalment became due, and the taking of the note of
Willis, constituted a good and sufficient legal consideration for
the agreement.

2. That an agreement forever to exonerate and discharge
the defendant from the payment of the other half of the note,
the note being several as well as joint, and the holder therefore
having a legal remedy against the other promiser without join-
ing Smith, was, in effect, an agreement never to call on or sue
Smith ; and that to avoid circuity of action, such an agreement
must be taken, in law, to be equivalent to a release.

3. That such a release might be given in evidence under the
general issue ; and, therefore, that if it were proved that such
an agreement was made and executed, as stated, the jury would
find a verdict for the defendant.

The jury returned a verdict for the defendant.

If the Court should be of opinion that these directions were
erroneous, a new trial was to be granted.

*Farley* and *Mellen*, for the plaintiff.

*Hoar* and *Mann*, for the defendant.

WILDE J. delivered the opinion of the Court. This case
turns on the distinction between a technical release, and a cov-
nant not to sue one of two joint obligors or promisors. The
distinction is, that a release to one of two joint and several ob-
ligors discharges both, whereas, a covenant with one not to sue
him, is not to be construed as a release, so as to discharge the
other obligor. This distinction is well founded on principle,
and is supported by all the authorities. In the case of *Lacy*
v. *Kynaston*, 2 Salk. 575, which was an action on a joint and
several obligation, it was decided, that a covenant not to sue
one of the obligors, would not operate as a defeasance or re-

Goodnow
*v.*
Smith.

*Oct. 19th*

*Oct. 22d.*

Goodnow
v.
Smith.

lease, because, to construe it so, would discharge the other obligor ; but if the covenantee had been the sole obligor, then the covenant, although not a release in its nature, should be so construed, to avoid circuity of action. The same principles were laid down in the case of *Dean* v. *Newhall*, 8 T. R. 168.. That also was an action on a joint and several bond, and the defendant pleaded a release to Taylor, the other obligor, upon which issue was joined. At the trial, it appeared, that the plaintiff had covenanted not to sue Taylor, and in the deed of covenant he had agreed, that in case he should sue, &c. that deed " should be a sufficient release and discharge to all intents and purposes, both at law and in equity, to and for the said C. Taylor, &c., and as such should and might be pleaded in bar by him the said C. Taylor." Notwithstanding this agreement, it was held, that the covenant could not be pleaded in bar as a release and discharge, on the distinction laid down in the case of *Lacy* v. *Kynaston*, and in other cases there cited. And these decisions are approved and confirmed in *Hutton* v. *Eyre*, 6 Taunt. 289 ; in *Rowley* v. *Stoddard*, 7 Johns. R. 20 ; in *Shed* v. *Peirce*, 17 Mass. R. 623 ; and in *Harrison* v. *Close*, 2 Johns. R. 448. It is, therefore, a well-established principle, that although an actual release to one of two joint and several obligors or promisors is a discharge of the debt, and consequently may be pleaded in bar by both of the obligors or promisors, yet that a covenant or agreement with one of several joint obligors, not to sue him, cannot be so pleaded. For if such a covenant or promise not to sue were allowed to operate as a discharge of one of several joint promisors or obligors, the creditor could have no remedy against the other obligor or promisor, although he had expressly or impliedly reserved the right to proceed against him. This consequence would not follow if the obligation or promise were joint and several ; for in such a case the creditor might sue the party with whom no agreement had been made, and there would be no necessity for his resorting to a joint action. But if on this distinction the matter relied on by the defendant, Smith, would amount to a defence to the whole action at common law, the plaintiff being entitled to a separate action against Adams, yet since the *St.* 1834, *c.* 189, no such defence can be

maintained. For by that statute the plaintiff is entitled to have judgment against Adams, and Smith may defend himself, we think, in this action, in the same manner as he could if the action had been brought against him alone.

It is objected, that there was no consideration for the agreement with Smith, but certainly the payment of half the note before it was due, and taking the note of Willis at par, was a sufficient consideration.

We are of opinion, therefore, that the plaintiff is entitled to judgment against Adams, and that Smith is entitled to judgment for his costs.